UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC, WB MUSIC CORP., KEEP IT SIMPLE STUPID PUBLISHING, I LOVE PIZZA MUSIC, WHO WANTS TO BUY MY PUBLISHING, and LORIMAR MUSIC A. CORP., | ) ) ) ) ) ) | Civil Action No. 1:19-cv-1357 |
| Plaintiffs, | ) ) | |
| -against- | ) ) | |
| TS2, INC. and NICHOLAS J. KONSTANTOUDAKIS | ) ) | |
| Defendants. | ) ) | |

----------------------------------------------------------------

# COMPLAINT

Plaintiffs Universal Polygram International Publishing, Inc., WB Music Corp., Keep It Simple Stupid Publishing, I Love Pizza Music, Who Wants to Buy My Publishing, and Lorimar Music A. Corp. (collectively "Plaintiffs"), by their undersigned attorneys, for their complaint against Defendants TS2, Inc. and Nicholas J. Konstantoudakis ("Defendants") allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

# THE PARTIES

4.	The Plaintiffs named in Column 2\* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.	On information and belief, Defendant TS2, Inc. ("TS2") is a corporation organized under the laws of the state of Illinois with offices at 3365-3369 North Clark Street, 1st Floor, Chicago, Illinois 60657.

6.	At all times hereinafter mentioned, TS2 did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Houndstooth Saloon, located at 3365-3369 North Clark Street, 1st Floor, Chicago, Illinois 60657.

7.	Musical compositions were and are publicly performed at Houndstooth Saloon.

8.	On information and belief, defendant Nicholas Konstantoudakis ("Konstantoudakis" and, together with TS2, the "Defendants") is an individual who resides and/or does business in this District.

9.	At all times hereinafter mentioned, Konstantoudakis was, and still is, an owner, officer, director, and/or manager of TS2.

10.	At all times hereinafter mentioned, Konstantoudakis was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of TS2.

11.	At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Houndstooth Saloon, including the right and ability to supervise and control the public performance of musical compositions at

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

Houndstooth Saloon.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Houndstooth Saloon.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 700,000 songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.     Since June 2011, ASCAP representatives have made more than sixty (60) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Houndstooth Saloon. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16.     Defendants have refused all of ASCAP's license offers for Houndstooth Saloon.

17.     ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Houndstooth Saloon constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Houndstooth Saloon, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Houndstooth Saloon, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Houndstooth Saloon of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise

received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at Houndstooth Saloon include the performances of the four copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Houndstooth Saloon, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

Dated:     Chicago, Illinois                 TOTTIS LAW
           February 25, 2019

                                                   /s/ Monica L. Thompson
                                           Monica L. Thompson, Esq.
                                           One East Wacker Drive
                                           Suite 1205
                                           Chicago, IL 60601
                                           Tel:   (312) 527-1400
                                           Fax:   (312) 589-7192

                                           *Attorneys for Plaintiffs*

**Schedule A**

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC. | SONG OF THE SOUTH | Robert McDill | July 30, 1980 | PA 76-753 | January 11, 2019 |
| 2. | WB MUSIC CORP.<br><br>KEEP IT SIMPLE STUPID PUBLISHING | SOMETHIN' BAD | Brett James<br><br>Priscilla Hamilton<br><br>Christopher DeStefano | June 3, 2014 | PA 1-932-907 | January 12, 2019 |
| 3. | I LOVE PIZZA MUSIC<br><br>WHO WANTS TO BUY MY PUBLISHING<br><br>WB MUSIC CORP. | HOUSE PARTY | Zach Crowell<br><br>Jerry Allen Flowers<br><br>Sam Hunt | October 27, 2014 | PA 1-971-277 | January 11, 2019 |
| 4. | LORIMAR MUSIC A CORP. | COPPERHEAD ROAD | Stephen F. Earle | September 28, 1988 | PA 396-443 | January 11, 2019 |